JINA L. CHOI (N.Y. Bar No. 2699718)
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
 tashjianr@sec.gov
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
 buchholzs@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. CV-11-1356 (~~SC~~) WHA |
| Plaintiff, | |
| vs. | |
| JSW FINANCIAL INC., JAMES S. WARD, DAVID S. LEE, EDWARD G. LOCKER, RICHARD F. TIPTON, and DAVID C. LIN, | **CONSENT OF RELIEF DEFENDANT SHORELINE INVESTMENT FUND, LLC** |
| Defendants, | |
| and | |
| BLUE CHIP REALTY FUND LLC and SHORELINE INVESTMENT FUND, LLC, | |
| Relief Defendants. | |

1. Relief Defendant Shoreline Investment Fund, LLC ("Relief Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Relief Defendant to pay disgorgement in the amount of $8,277.13.

3. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission ("Commission") or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

10. Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant

1  agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a
2  good faith settlement.

3      12.    In connection with this action and any related judicial or administrative proceeding or
4  investigation commenced by the Commission or to which the Commission is a party, Relief
5  Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as
6  the staff requests upon reasonable notice; (ii) will accept service by mail or email of notices or
7  subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials,
8  or in connection with any related investigation by Commission staff; (iii) with respect to such notices
9  and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of
10 Civil Procedure and any applicable local rules, provided that the party requesting the testimony
11 reimburses Relief Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S.
12 Government per diem rates; and (iv) consents to personal jurisdiction over Relief Defendant in any
13 United States District Court for purposes of enforcing any such subpoena.

14     13.    Relief Defendant agrees that the Commission may present the Final Judgment to the
15 Court for signature and entry without further notice.

16     14.    Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the
17 purpose of enforcing the terms of the Final Judgment.

18
19 Dated: December 23, 2015                        /s/ Richard F. Tipton
20                                       Richard F. Tipton, Managing Member
21                                       Shoreline Investment Fund, LLC
22
23 On Dec. 23, 2015, Richard F. Tipton, a person known to me, personally appeared before
24 me and acknowledged executing the foregoing Consent.
25 /s/ Deanna C. Uesugi
26
    Notary Public
27
    Commission Expiration:
28 CONSENT OF SHORELINE INVESTMENT        3                        CASE NO. CV-11-1356 (SC)
    FUND, LLC

DEANNA C. UESUGI
Commission # 2069017
Notary Public - California
Santa Clara County
My Comm. Expires Jun 17, 2018

Submitted by:

_____
Steven D. Buchholz
 buchholzs@sec.gov
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

CONSENT OF SHORELINE INVESTMENT FUND, LLC     4     CASE NO. CV-11-1356 (SC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JSW FINANCIAL INC., JAMES S. WARD, DAVID S. LEE, EDWARD G. LOCKER, RICHARD F. TIPTON, and DAVID C. LIN,<br><br>　　　　Defendants,<br><br>　and<br><br>BLUE CHIP REALTY FUND LLC and SHORELINE INVESTMENT FUND, LLC,<br><br>　　　　Relief Defendants. | No. CV-11-1356 (~~SC~~) WHA |

FINAL JUDGMENT AS TO SHORELINE　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO. CV-11-1356 (~~SC~~) WHA
INVESTMENT FUND, LLC

**FINAL JUDGMENT AS TO RELIEF DEFENDANT**

**SHORELINE INVESTMENT FUND, LLC**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Shoreline Investment Fund, LLC ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $8,277.13, representing ill-gotten gains resulting from the conduct alleged against Defendants in the Complaint. Relief Defendant shall satisfy this obligation by paying $8,277.13 to the Securities and Exchange Commission.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Shoreline Investment Fund, LLC as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making the payment, Relief

1  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the
2  funds shall be returned to Relief Defendant. The Commission shall send the funds paid pursuant to
3  this Final Judgment to the United States Treasury.

4  The Commission may enforce the Court's judgment for disgorgement by moving for civil
5  contempt (and/or through other collection procedures authorized by law) at any time after 14 days
6  following entry of this Final Judgment if Relief Defendant fails to comply with the terms of this Final
7  Judgment. Relief Defendant shall pay postjudgment interest on any delinquent amounts pursuant to
8  28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Relief
Defendant Shoreline Investment Fund, LLC is incorporated herein with the same force and effect as
if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and
agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment for one year.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil
Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: January 20, 2016

UNITED STATES DISTRICT JUDGE