JINA L. CHOI (N.Y. Bar No. 2699718)
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
tashjianr@sec.gov
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
buchholzs@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JSW FINANCIAL INC., JAMES S. WARD, DAVID S. LEE, EDWARD G. LOCKER, RICHARD F. TIPTON, and DAVID C. LIN,<br><br>Defendants,<br><br>and<br><br>BLUE CHIP REALTY FUND LLC and SHORELINE INVESTMENT FUND, LLC,<br><br>Relief Defendants. | No. CV-11-1356 (~~SC~~) WHA<br><br>**CONSENT OF DEFENDANT DAVID C. LIN** |

1.      Defendant David C. Lin ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has been convicted after trial of criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Lin*, Crim. No. 11-00393-004 TEH (N.D. Cal.), Defendant was convicted of one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, sixteen counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of wire fraud in violation of 18 U.S.C. § 1343. Following the conviction, Defendant was sentenced to imprisonment for a term of 28 months. In connection with the conviction, the jury found that, among other things, Defendant knowingly and intentionally conspired with co-Defendants James S. Ward, Edward G. Locker, and Richard F. Tipton to obtain money and property from investors in the Blue Chip Realty Fund and the Shoreline Investment Fund, through JSW Financial, by means of materially false and fraudulent pretenses, representations, and promises regarding the unsecured nature of the loans made by Blue Chip and Shoreline. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Lin*.

3.      Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and from aiding and abetting violations of Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

(b)     orders Defendant to pay disgorgement in the amount of $1,381,053.51, plus prejudgment interest thereon in the amount of $193,950.71. These amounts are deemed satisfied based on the entry of an Order of Restitution in *United States v. Lin*, Crim. No. 11-00393-004 TEH (N.D. Cal. Jan. 4, 2013), ordering Defendant to pay

criminal restitution of $8,628,963.44 on a joint and several basis; and

    (c)    orders a civil penalty shall not be imposed based on the 28-month prison sentence imposed following his conviction in *United States v. Lin*, Crim. No. 11-00393-004 TEH (N.D. Cal.).

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission ("Commission") or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant

waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or email of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

///

///

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: September 29, 2015

_____
David C. Lin

On _____, 2015, David C. Lin, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____

Notary Public

Commission Expiration:

Submitted by:

_____
Steven D. Buchholz
buchholzs@sec.gov
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGEMENT

State of California

County of Sacramento

On September 29, 2015 before me, _____Cynthia Elizabeth Cueva-Hernandez, Notary Public_____,
(here insert name and title of officer)

personally appeared ———— David C. Lin ————,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity of upon behalf which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____Cynthia Cueva_____ (Notary Seal)
Signature of Notary Public

[Notary Seal: CYNTHIA ELIZABETH CUEVA-HERNANDEZ, COMM. # 2122733, NOTARY PUBLIC - CALIFORNIA, SACRAMENTO COUNTY, COMM. EXPIRES AUG. 10, 2019]

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

Consent of defendant
(Title or description of attached document)

NO. CV-11-1356 (SC)
(Title or description of attached document)

Number of Pages 5   Document Date 9/29/2015

(Additional Information)

**CAPACITY CLAIMED BY THE SIGNER**
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner (s)
- ☐ Attorney-in-Fact
- ☐ Trustee (s)
- ☐ Other _____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. CV-11-1356 (~~SC~~) WHA |
| Plaintiff, | |
| vs. | |
| JSW FINANCIAL INC., JAMES S. WARD, DAVID S. LEE, EDWARD G. LOCKER, RICHARD F. TIPTON, and DAVID C. LIN, | |
| Defendants, | |
| and | |
| BLUE CHIP REALTY FUND LLC and SHORELINE INVESTMENT FUND, LLC, | |
| Relief Defendants. | |

# FINAL JUDGMENT AS TO DEFENDANT DAVID C. LIN

The Securities and Exchange Commission having filed a Complaint and Defendant David C. Lin having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and

Defendant having admitted the facts set forth in the Consent of Defendant David C. Lin ("Consent") and acknowledged that his conduct violated the federal securities laws:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the

"Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)], as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], as an investment adviser to a pooled investment vehicle, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(b) otherwise to engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,381,053.51, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $193,950.71, for a total of $1,575,004.22. These amounts are deemed satisfied based on the entry of an Order of Restitution in *United States v. Lin*, Crim. No. 11-00393-004 TEH (N.D. Cal. Jan. 4, 2013), ordering Defendant to pay criminal restitution of $8,628,963.44 on a joint and several basis.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a civil monetary penalty shall not be imposed based on the 28-month prison sentence imposed on Defendant following his conviction in *United States v. Lin*, Crim. No. 11-00393-004 TEH (N.D. Cal.).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation [by Defendant] of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment for one year.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: January 20, 2016.

_____
UNITED STATES DISTRICT JUDGE