JINA L. CHOI (N.Y. Bar No. 2699718)
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
  tashjianr@sec.gov
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
  buchholzs@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  415-705-2500
Facsimile:  415-705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. CV-11-1356 (SC) WHA |
| Plaintiff, | |
| vs. | |
| JSW FINANCIAL INC., JAMES S. WARD, DAVID S. LEE, EDWARD G. LOCKER, RICHARD F. TIPTON, and DAVID C. LIN, | **CONSENT OF DEFENDANT DAVID S. LEE** |
| Defendants, | |
| and | |
| BLUE CHIP REALTY FUND LLC and SHORELINE INVESTMENT FUND, LLC, | |
| Relief Defendants. | |

1.      Defendant David S. Lee ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

       (a)      permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and from aiding and abetting violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]; and

       (b)      orders Defendant to pay disgorgement in the amount of $500,000 plus prejudgment interest thereon in the amount of $102,057.09.

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission ("Commission") or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

10.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of

1    Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any

2    action or make or permit to be made any public statement (which does not include legal or factual

3    positions taken in litigation or other legal proceedings in which the Commission is not a party)

4    denying, directly or indirectly, any allegation in the Complaint or creating the impression that the

5    Complaint is without factual basis; (ii) will not make or permit to be made any public statement

6    (which does not include legal or factual positions taken in litigation or other legal proceedings in

7    which the Commission is not a party) to the effect that Defendant does not admit the allegations of

8    the Complaint, or that this Consent contains no admission of the allegations, without also stating that

9    Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby

10    withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint;

11    and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523(a)(19)(A)(i),

12    (B) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19)(A)(i), (B), that the allegations in the Complaint

13    are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other

14    amounts due by Defendant under the Final Judgment or any other judgment, order, consent order,

15    decree or settlement agreement entered in connection with this proceeding, is a debt for the violation

16    by Defendant of the federal securities laws or any regulation or order issued under such laws, as set

17    forth in Section 523(a)(19)(A)(i) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19)(A)(i).  If Defendant

18    breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and

19    restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial

20    obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in

21    which the Commission is not a party.

22         11.      Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

23    Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

24    the United States, or any agency, or any official of the United States acting in his or her official

25    capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

26    expended by Defendant to defend against this action.  For these purposes, Defendant agrees that

27

28

CONSENT OF DAVID S. LEE          3          CASE NO. CV-11-1356 (SC)

1  Defendant is not the prevailing party in this action since the parties have reached a good faith

2  settlement.

3        12.     In connection with this action and any related judicial or administrative proceeding or

4  investigation commenced by the Commission or to which the Commission is a party, Defendant (i)

5  agrees to appear and be interviewed by Commission staff at such times and places as the staff

6  requests upon reasonable notice; (ii) will accept service by mail or email of notices or subpoenas

7  issued by the Commission for documents or testimony at depositions, hearings, or trials, or in

8  connection with any related investigation by Commission staff; (iii) appoints Defendant's

9  undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to

10 such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the

11 Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the

12 testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing

13 U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any

14 United States District Court for purposes of enforcing any such subpoena.

15       13.     Defendant agrees that the Commission may present the Final Judgment to the Court

16 for signature and entry without further notice.

17       14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

18 purpose of enforcing the terms of the Final Judgment.

19

20 Dated: _01 - 13_____, 2016

21                             David S. Lee

22

23

24

25

26

27

28

1   On _____, 2016, David S. Lee, a person known to me, personally appeared before

2   me and acknowledged executing the foregoing Consent.

3

4   _____

5   Notary Public

6   Commission Expiration:

7

8   A notary public or other officer completing this certificate verifies only the identity of the
    individual who signed the document to which this certificate is attached, and not the
    truthfulness, accuracy, or validity of that document.

9   State of California   County of Santa Clara                          )ss.
    On 01/13/2016 before me   K. L. Dubal                    , Notary Public,
    personally appeared   David S Lee

10  who proved to me on the basis of satisfactory evidence to be the person(s) whose
    name(s) is/are subscribed to the within instrument and acknowledged to me that

11  he/she/they executed the same in his/her/their authorized capacity(ies), and that by
    his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
    which the person(s) acted, executed the instrument. I certify under PENALTY OF

12  PERJURY under the laws of the State of California that the foregoing paragraph is true
    and correct.  WITNESS my hand and official seal.

13

14

15        K. L. DUBAL
          COMM. # 2066993
16     NOTARY PUBLIC • CALIFORNIA
          SANTA CLARA COUNTY
       My Comm. Exp. May 31, 2018

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT OF DAVID S. LEE                    5                    CASE NO. CV-11-1356 (SC)

1 | Approved as to form:

2

3

4 | Robert E. Carey
Carey & Carey
P.O. Box 1040
5 | Palo Alto, CA 94302
Telephone: 650-328-5510
6

7 | Attorney for Defendant
DAVID S. LEE
8

9

10 | Submitted by:
11

12

13 | Steven D. Buchholz
buchholzs@sec.gov
14 | 44 Montgomery Street, Suite 2800
San Francisco, California 94104
15 | Telephone: 415-705-2500
Facsimile: 415-705-2501
16

17 | Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                           SAN FRANCISCO DIVISION

12

13   SECURITIES AND EXCHANGE COMMISSION,          No. CV-11-1356 ~~(SC)~~ WHA

14          Plaintiff,

15      vs.

16   JSW FINANCIAL INC., JAMES S. WARD, DAVID
     S. LEE, EDWARD G. LOCKER, RICHARD F.
17   TIPTON, and DAVID C. LIN,

18          Defendants,

19      and

20   BLUE CHIP REALTY FUND LLC and
     SHORELINE INVESTMENT FUND, LLC,
21
            Relief Defendants.
22

23

24

25

26

27

28

**FINAL JUDGMENT AS TO DEFENDANT DAVID S. LEE**

1

2      The Securities and Exchange Commission having filed a Complaint and Defendant David S.

3  Lee having entered a general appearance; consented to the Court's jurisdiction over Defendant and

4  the subject matter of this action; consented to entry of this Final Judgment without admitting or

5  denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided

6  herein in Paragraph VII); waived findings of fact and conclusions of law; and waived any right to

7  appeal from this Final Judgment:

8                            I.

9      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

10  restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

11  Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

12  thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or

13  of the mails, or of any facility of any national securities exchange, in connection with the purchase or

14  sale of any security:

15        (a)    to employ any device, scheme, or artifice to defraud;

16        (b)    to make any untrue statement of a material fact or to omit to state a material fact

17               necessary in order to make the statements made, in the light of the circumstances

18               under which they were made, not misleading; or

19        (c)    to engage in any act, practice, or course of business which operates or would

20               operate as a fraud or deceit upon any person.

21      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

22  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

23  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

24  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

25  with Defendant or with anyone described in (a).

26                           II.

27      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

28  permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the

1  "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

2  instruments of transportation or communication in interstate commerce or by use of the mails,

3  directly or indirectly:

4        (a)    to employ any device, scheme, or artifice to defraud;

5        (b)    to obtain money or property by means of any untrue statement of a material fact or any

6               omission of a material fact necessary in order to make the statements made, in light of

7               the circumstances under which they were made, not misleading; or

8        (c)    to engage in any transaction, practice, or course of business which operates or

9               would operate as a fraud or deceit upon the purchaser.

10        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

11  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

12  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

13  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

14  with Defendant or with anyone described in (a).

15                                    III.

16        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

17  permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment

18  Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)], as an investment adviser,

19  by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

20        (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

21        (b)    to engage in any transaction, practice, or course of business which operates as a fraud

22               or deceit upon any client or prospective client.

23        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

24  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

25  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

26  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

27  with Defendant or with anyone described in (a).

28

FINAL JUDGMENT AS TO DAVID S. LEE                    2                    CASE NO. CV-11-1356 (SC)

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $500,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $102,057.09.  Defendant shall satisfy this obligation by paying $602,057.09 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Section V below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; David S. Lee as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making the payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment if Defendant fails to comply with the

1  terms of the payment schedule set forth in Section V below.  Defendant shall pay postjudgment

2  interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3                                              V.

4        Defendant shall pay the total of disgorgement and prejudgment interest due of $602,057.09

5  according to the following schedule:  (1) pursuant to the terms of the Order Confirming Plan of

6  Reorganization of Debtor David S. Lee ("Confirmation Order") in bankruptcy case number 5:13-bk-

7  54056 AJ (N.D. Cal. Bankr.), payment of $352,610.16 in 84 installments of $4,197.74 per month

8  during the 90-month period covered by the Confirmation Order, beginning the 1st day of the 7th

9  month after the Effective Date of the Confirmation Order until the 1st day of the 90th month after the

10 Effective Date of the Confirmation Order; (2) payment of $247,666.66 in 59 installments of

11 $4,197.74 per month beginning the 1st day of the 91st month after the Effective Date of the

12 Confirmation Order until the 1st day of the 149th month after the Effective Date of the Confirmation

13 Order; and (3) the final payment of $1,780.27 on the 1st day of the 150th month after the Effective

14 Date of the Confirmation Order.

15       If Defendant fails to make any payment by the date agreed and/or in the amount agreed

16 according to the schedule set forth above, all outstanding payments under this Final Judgment,

17 including postjudgment interest, minus any payments made, shall become due and payable

18 immediately at the discretion of the staff of the Commission without further application to the Court.

19                                             VI.

20       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant

21 David S. Lee is incorporated herein with the same force and effect as if fully set forth herein, and that

22 Defendant shall comply with all of the undertakings and agreements set forth therein.

23                                            VII.

24       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

25 exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

26 allegations in the Complaint are true and admitted by Defendant, and further, any debt for

27 disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final

28

1    Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

2    connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws

3    or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

4    Bankruptcy Code, 11 U.S.C. § 523(a)(19).

5                                                              VIII.

6             IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

7    jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment for one year.

8                                                              IX.

9             There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

10   Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

11

12

13   Dated: ___January 20_____, 2016        _____

14                                                              UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28